# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| SHANE SCOFIELD, individually and on behalf of all others similarly situated, | Civil File No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT – CLASS ACTION** |
| THE LITIGATION PRACTICE GROUP PC | |
| Defendant. | |

## Preliminary Statement

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. The Plaintiff Shane Scofield alleges The Litigation Practice Group PC ("Litigation Practice") made pre-recorded telemarketing calls for purposes of promoting Litigation Practice's debt relief services. They did so and contacted individuals without their prior express written consent.

3. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff is an individual residing in this District.

6. Defendant The Litigation Practice Group PC is a California corporation that offers debt referral services in this District, just as it did with the Plaintiff.

## Jurisdiction & Venue

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8. The Court has personal jurisdiction over Litigation Practice because it made telemarketing calls into this District.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because the Plaintiff was contacted with a telemarketing call in this District.

## TCPA Background

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA prohibits automated telemarketing calls to cellular telephones

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service …." *See* 47 U.S.C. § 227(b)(1)(A).

12. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 ¶ 165 (2003).

15. In 2012, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition,

3

the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 FCC Rcd 1830, 1844 (2012) (footnotes omitted).

## Factual Allegations

16. Plaintiff is, and at all times mentioned herein were, a "person" as defined by 47 U.S.C. § 153(39).

17. Litigation Practice offers debt referral services.

18. To generate leads, Litigation Practice makes telemarketing calls to consumers who have never had a relationship and who have never consented to receive their calls.

19. Indeed, Litigation Practice has previously been sued related to telemarketing that is alleged to have violated the TCPA. *See Callier v. Litigation Practice Group, PC, et. al*, Civil Action No. 21-cv-11 (W.D. Tex.); *Jackson v. Litigation Practice Group, P.C.*, Civil Action No. 22-cv-278 (M.D. Pa.)

Calls to Plaintiff Scofield

20. Plaintiff's telephone number, (970)-XXX-5104, is registered to a cellular telephone service, which is the number he received the pre-recorded calls on.

21. That number was on the National Do Not Call Registry prior to receiving the calls at issue.

22. Despite this, the Plaintiff received a pre-recorded call from the Defendant on February 12, March 9, 11 and April 1, 2022.

23.     The pre-recorded message on February 12, 2022 stated, "….I think you're going to like, just know that the program is on a first come, first serve basis. so just press 1 now to analyze the details if you think this would help and any one of us can help you out.

24.     The company was not identified in the pre-recorded message.

25.     Mr. Scofield returned a call spoke to a male who asked him intake questions about debt.

26.     The individual identified Litigation Practice Group as the organization.

27.     He continued to explain that their website is lpglaw.com and their email address as support@lpglaw.com and verified they are out of California, their phone number is 949-229-6262.

28.     This is all information that identifies the Defendant.

29.     The individual identified his name as Austin Ryder and spelled his last name.

30.     Mr. Ryder said his EIN is 219, and said this is his "employee identification number".

31.     Shortly after the call, Mr. Scofield contacted the Defendant and advised them he was contacted illegally with a pre-recorded voice call.

32.     Despite this, Mr. Scofield received another pre-recorded call on March 9, 2022 from the Defendant.

33.     The pre-recorded message stated:

> Hey, it's Jillian with Credit National Assist. And I wanted to try you just one last time regarding an online request for getting some financial help, as I was able to get you an approval that I think you'll like. So just go ahead and call me back and I'll give you the details. Again, my number is 844-298-3569. Thanks.

34. Mr. Scofield hadn't gone online to request any such information.

35. Mr. Scofield returned the calls to the numbers that had contacted him on March 9, 2022.

36. During those calls, Mr. Scofield identified that this was the same company calling that had called him previously.

37. He did so by confirming that Mr. Austin Ryder worked for the same company that had called him on March 9, 2022.

38. During this conversation, he spoke with "Jon".

39. Mr. Scofield then received another pre-recorded call on April 1, 2022.

40. The pre-recorded message said:

> Hey, it's Natalie with Credit National Assist, and I wanted to try you one last time regarding an online request for getting some financial help. As I was able to get you an approval that I think you'll like, so just go ahead and call me back and I'll give you the details. Again, my number is 888-235-3920. Thanks.

41. Again, Mr. Scofield had not made any such request online.

42. Mr. Scofield called the number back and confirmed that it was the Defendant contacting him.

43. He did so be speaking to the same "Jon" about the same services that he spoke with him about to identify the Defendant as related to the March 9 and 11, 2022 pre-recorded call.

44. The calls were clearly pre-recorded based on (a) the pause prior to the beginning of the message (b) the monotone nature of the recording used (c) the non-personalized nature of the solicitation and (d) the invitation to "press 1".

45. The calls were not necessitated by an emergency.

46. Plaintiff and all members of the Class, defined below have been harmed by the acts of Defendants because their privacy has been violated.

47. The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

49. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years prior to the filing of the Complaint and through trial (4) using an identical or substantially similar pre-recorded message used to place a telephone call to Plaintiff.

50. Plaintiff is a member of and will fairly and adequately represent and protect the interests of this class as he has no interests that conflict with any of the class members.

51. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

52. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

53. This Class Action Complaint seeks injunctive relief and money damages.

54. The Class as defined above are identifiable through the Defendant' dialer records, other phone records, and phone number databases.

55. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

56. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

57. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

58. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

59. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   (a) Whether the Defendant used pre-recorded message to send telemarketing calls;

   (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

   (c) whether Defendant' conduct constitutes a violation of the TCPA; and

   (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant' conduct.

60. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

61. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are

8

committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

62. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

63. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

64. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(b)) on behalf of the Robocall Class**

65. Plaintiff incorporates the allegations from the foregoing paragraphs as if fully set forth herein.

66. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

67. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and

9

every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

68.     If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

69.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, using a pre-record message in the future;

B.     That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Respectfully submitted,

*/s/ Anthony I. Paronich*
PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiff and proposed class*

11